### DAVE CAMPBELL v. THE STATE.

No. 566.     Decided June 1, 1910.

1.—Keeping Disorderly House—Selling Spirituous, etc., Liquors—Evidence— Internal Revenue License.

Where, upon trial of keeping a disorderly house by selling spirituous, etc., liquors, the State did not introduce an internal revenue license, it was reversible error in permitting testimony by the State that a third party had seen internal revenue license in defendant's place of business and told the witness about it; this was hearsay.

2.—Same—Evidence—Hearsay.

Upon trial of keeping a disorderly house by the sale of spirituous liquors, etc., it was reversible error to admit testimony that the witness had seen a boy bring out an internal revenue license out of another room than that in which the defendant's business was alleged to have been carried on; said license not being before the jury and there being no predicate laid for the introduction of secondary evidence.

Appeal from the County Court of Potter. Tried below before the Hon. W. M. Jeter.

Appeal from a conviction of keeping a disorderly house by the

sale of spirituous and other liquors without license; penalty, a fine
of $200 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—Appellant was indicted in the court below for
keeping a disorderly house and knowingly permitting to be kept a
disorderly house, in which spirituous, vinous and malt liquors were
sold and kept for sale without obtaining license as required by law.
The information contained five counts alleging that these offenses
were committed on the 5th, 10th, 15th, 20th and 25th days of April,
1909. His trial resulted in his conviction with a penalty of $200
and confinement in the county jail for a period of twenty days. On
the trial of the case the State, in order to make out its case, at-
tempted to show that the appellant had United States internal rev-
enue license that authorized him to sell spirituous, vinous and malt
liquors. On the trial of the case the State offered one Yeiser, who
testified that he had seen internal revenue license in the Green Light
Cafe, in the possession of one Engman, and that Engman told
witness that they were license and were issued to Campbell and
Engman. This testimony was objected to as hearsay and that it was
an admission of a third party in the absence of defendant and the
defendant could not be bound thereby. We are of opinion that the
court was in error in admitting the statement of this witness as
to what Engman told him. The license was not introduced in tes-
timony; this was secondary, and the defendant could not be bound
by a statement of another party as to whom the license were issued
and as to whether they were revenue license or not.

We also find in the record another bill of exception showing that
the witness Jim Yeiser, on cross-examination, in speaking about the
license that Engman told him that he had, stated that he would not
known an internal revenue license if he should see one, and he did
not know whether the instrument Engman showed him was a revenue
license or not. He also testified that he had no conversation with
the defendant about the license whatever. The defendant again
renewed his objection to the testimony and moved the court to ex-
clude it from the jury because the cross-examination of the witness
developed the fact that his testimony was purely hearsay and that he
did not know whether they were internal revenue license or not.
This motion of defendant was also overruled and defendant excepted.

We find another bill of exceptions in the record to the testimony
of Roscoe Redus, in which the State was permitted to prove by the
said Redus that on September 10, 1909, he went to the Green Light

Cafe, the place it is charged the defendant kept the disorderly house, and asked a boy there if they had internal revenue license, and that the boy went out of the room where he was into another room and brought him an internal revenue license. The witness did not produce these revenue license before the jury. The defendant objected to the testimony because it was hearsay, secondary and did not show that the license were procured from the place where the law directed that they should be posted. This objection was well taken and should have been sustained and the testimony excluded. This was simply the statement of a witness that somebody brought him some license or something that he took to be license. The license were not produced; there was no predicate laid for the introduction of secondary evidence and this testimony was highly prejudicial to the rights of the defendant. We are therefore of opinion that the court was in error in permitting any testimony to be introduced of the character suggested in these bills of exception with regard to the United States internal revenue license and that the admission of this testimony was prejudicial to the appellant, and for this reason the case will have to be reversed.

There are other bills of exception, and errors assigned in the record. We are of opinion, however, that these are without merit and will not be considered.

For the errors indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*